UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**         Case No. 2:22-cv-02769
                              JUDGE EDMUND A. SARGUS, JR.
       v.                    Magistrate Judge Chelsey M. Vascura

**RENNA L. STUTZMAN AKA RENNA
HENKLE,** *et al.***,**

      **Defendants.**

## ORDER OF SALE

A final judgment has been entered by this Court in the above-entitled action, ordering that the United States' mortgage be foreclosed and that the subject property, described below, be sold pursuant to 28 U.S.C. § 2001:

> Situated in the State of Ohio, County of Logan, Township of Washington and being part of Virginia Military Survey 9925-9946-10121 and more particularly described as follows:
>
> Beginning at a railroad spike in the center of Township Road No. 94 at the northwest corner of Charles L. Howard's 232.71 acre tract said railroad spike being Sta. 81+18 as shown in Logan County Engineer's Field Book No. 571, Page 63: thence with said Howard's north line, N. 60 degrees 56' E. 520.6 feet to a stone in the I.C.&E. Traction Company's (State of Ohio) right of way line, passing a stone at 18.03 feet; thence with said right of way line, N. 64 degrees 30' W. 150.0 feet to an iron bar; thence S. 60 degrees 56' W. 407.5 feet to a railroad spike in the center of said T.R. 94; thence with the centerline of said T.R. 94, S. 17 degrees 00' E. 125.0 feet to the place of beginning.
>
> Containing 1.30 acres more or less. Parcel No. 51-032-00-00-024
>
> Also Known As:   7078 Township Road 94
>                             Lewistown, OH 43333

Accordingly, it is hereby **ORDERED** as follows:

1. The Special Master appointed by the Court or his representative is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the subject property.

2. The Special Master or his representative is authorized to have free access to the property immediately and to take all actions necessary to preserve the property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the property, until the deed to the property is delivered to the ultimate purchaser.

3. The terms and conditions of the sale are as follows:

    a) the sale of the property shall be free and clear of all rights, title, and interest of the defendants Renna L. Stutzman aka Renna Henkle and Jonas H. Stutzman.

    b) the sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the property, and easements and restrictions of record, if any;

    c) pursuant to section 3.6 of General Order No. 07-03, the sale shall be held at the United States District Court for the Southern District of Ohio, located at 85 Marconi Boulevard, Columbus, Ohio, 43215;

    d) the date and time for sale are to be announced by the Special Master;

    e) notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Logan County, and, at the discretion of the Special Master or his representative, by any other notice that he or his representative deems appropriate. The notice shall contain a description of the property and shall contain the terms and conditions of sale in this order of sale;

f) the minimum bid is $53,000. If the minimum bid is not met or exceeded, the Special Master or his representative may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce or remove the minimum bid requirement, as the Special Master deems appropriate;

g) the successful bidder(s) shall be required to deposit at the time of the sale with the Special Master or his representative a minimum of ten percent of the bid, with the deposit to be made by certified or cashier's check or cash payable as designated by the Special Master or his representative. Before being permitted to bid at the sale, bidders shall display to the Special Master or his representative proof that they are able to comply with this requirement. No bids will be received from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale;

h) the balance of the purchase price for the property is to be paid within 21 days after the date the bid is accepted, by a certified or cashier's check payable as designated by the Special Master or his representative. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be retained to cover the expenses of the sale, including commissions due under 28 U.S.C. §1921(c), with any amount remaining to be paid to the United States for the lien liabilities of Renna L. Stutzman aka Renna Henkle and Jonas H. Stutzman. The subject property shall be again offered for sale under the terms and conditions of this order of sale. The United States may bid as a credit against its judgment without tender of cash;

  i)   the sale of the property shall be subject to confirmation by this Court. On confirmation of the sale, the Special Master shall execute and deliver a quitclaim deed conveying the property to the purchaser. On confirmation of the sale, all interests in, liens against, or claims to, the property that are held or asserted by all parties to this action are discharged and extinguished. The Special Master shall make return of the Confirmation of Sale for the property, with his proceedings endorsed thereon, showing the manner in which he has executed the same, within sixty days from the date of the sale of the property; and,

  j)   the sale is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

4. Until the property is sold, defendants Renna L. Stutzman aka Renna Henkle and Jonas H. Stutzman shall take all reasonable steps necessary to preserve the property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the property. They shall neither commit waste against the property nor cause or permit anyone else to do so. They shall neither do anything that tends to reduce the value or marketability of the property nor cause or permit anyone else to do so. Those persons shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

5. All persons occupying the property shall leave and vacate the property permanently within 30 days of the date of this Order, each taking with them his or her personal

property (but leaving all improvements, buildings, fixtures, and appurtenances to the property). If any person fails or refuses to leave and vacate the property by the time specified in this Order, the Marshal and his deputies are authorized and directed to take all actions that are reasonably necessary to bring about the ejectment of those persons. If any person fails or refuses to remove his or her personal property from the property by the time specified herein, the personal property remaining on the property thereafter is deemed forfeited and abandoned, and the Special Master is authorized to remove it and to dispose of it in any manner he sees fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution.

6. Upon sale of the property, the Special Master shall deposit the sales proceeds into a holding fund for distribution upon further Order by this Court.

7. The proceeds arising from sale shall be applied as far as they shall be sufficient to the following items, in the order specified, with the amounts to be approved by further Order of this Court:

    a) to the Special Master for the costs of the sale;

    b) to all taxes unpaid and matured that are due and owing to Logan County for real property taxes on the property;

    c) to the United States for payment on the Small Business Administration's lien in the amount of $178,403.78 as of February 14, 2023 together with interest accruing at the rate of $9.73 per day from February 14, 2023 to the date of judgment, plus interest thereafter at the legal rate for judgments provided by 28 U.S.C. § 1961, plus all costs, disbursements and expenses until the date of sale.

   d) Any balance remaining after the above payments shall be paid to the Clerk of Court pending further order of the Court.

**IT IS SO ORDERED.**

**12/19/2023**　　　　　　　　　　　　　　　　　　　s/Edmund A. Sargus, Jr.
**DATE**　　　　　　　　　　　　　　　　　　　　　　EDMUND A. SARGUS, JR.
　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE